<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW HOWARD-FRENCH,<br><br>                Petitioner,<br><br>     v.<br><br>BRUCE DAVIS, et al.,<br><br>                Respondents. | Civil Action<br>No. 22cv4701 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

      Pro Se Petitioner Andrew Howard-French seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his Hudson County convictions. D.E. 1. Respondents Bruce Davis and the Attorney General of New Jersey filed an answer opposing the petition. D.E. 7.

      Petitioner now moves for a stay and abeyance of his habeas proceedings while he exhausts certain claims in the state courts. D.E. 8. Respondents have not opposed. The Court will GRANT the motion on the papers. Fed. R. Civ. P. 78(b).

      Section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Petitioner states he "filed a motion for post-conviction relief was granted [sic]." D.E. 8 at 3. "Petitioner was approved for Public Defender representation and the case was assigned to a Judge." *Id.* The Court finds good cause to stay its consideration of the § 2254 petition based on these representations. It would not be an efficient use of this Court's resources to continue with the § 2254 proceedings when Petitioner has active proceedings pending in the state courts because the state courts' resolution of Petitioner's motion for post-conviction relief may impact the habeas proceedings. Respondents have not opposed the request, and there is no indication Petitioner engaged in intentionally dilatory litigation tactics as he is currently litigating his claims in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005). It is better to allow the state courts to consider Petitioner's claims in the first instance.

The Clerk of Court will be ordered to administratively terminate this petition. Administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

Petitioner shall file a notice with the Court within 30 days of completing state court exhaustion. The notice shall include copies of any court opinions and orders resolving Petitioner's claims. An appropriate Order follows.

 6/7/2023                                                                                         *Evelyn Padin*
Date                                                                                              Evelyn Padin, U.S.D.J.